UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

THE CINCINNATI INSURANCE COMPANY,

    Plaintiff,                                            Case No:

vs.

RICHFIELD CORPORATION, INC.,
TRANSPORTATION TECHNOLOGY GROUP, INC.
D/B/A RICHFIELD INDUSTRIES,
TRANSPORTATION TECHNOLOGY GROUP, INC.
D/B/A DELTA WIRE U.S.A.,
CORSAIR ENGINEERING, INC. and
TRASK SIMPSON,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The Cincinnati Insurance Company ("CIC"), by its undersigned counsel, and for its complaint for declaratory judgment and other relief against defendants Richfield Corporation, Inc. ("Richfield Corporation"), Transportation Technology Group, Inc. d/b/a Richfield Industries ("TTG – Richfield Industries"), Transportation Technology Group, Inc. d/b/a Delta Wire U.S.A. ("TTG – Delta Wire"), Corsair Engineering, Inc. ("Corsair") and Trask Simpson ("Simpson"), states as follows:

### THE PARTIES

1.     CIC is an Ohio corporation with its principal place of business in Ohio, and it is a citizen of Ohio.

2.     Upon information and belief, Richfield Corporation is a Michigan corporation with its principal place of business in Michigan, and it is a citizen of Michigan.

3. Upon information and belief, TTG – Richfield Industries is a Michigan corporation with its principal place of business in Michigan, and it is a citizen of Michigan.

4. Upon information and belief, TTG – Delta Wire is a Michigan corporation with its principal place of business in Michigan, and it is a citizen of Michigan.

5. Upon information and belief, Corsair is a Michigan corporation with its principal place of business in Michigan, and it is a citizen of Michigan.

6. Upon information and belief, Simpson resides and is domiciled in Michigan.

## JURISIDICTION AND VENUE

7. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship (28 U.S.C. § 1332). The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claim took place in this District.

9. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under an insurance policy (No. CPP 3657201) issued by CIC to Richfield Industries for the policy period January 1, 2013 to January 1, 2014. The policy's coverage forms include the Commercial General Liability Coverage Form (GA 101 1204); Commercial Umbrella Liability Coverage Form (US 101 UM 1204); and the Named Insured Schedule (IA 905 0298). A copy of the policy is attached as Ex. A.

10. CIC asks this Court to judicially declare that the CIC policy provides no coverage for, and that CIC has no duty to defend or indemnify in connection with, the underlying action captioned *Trask Simpson v. Richfield Corporation, Inc. et al.* (Genesee County Circuit Court,

2

Case No. 16-107510-NO) (the "underlying action"). A copy of the underlying action complaint is attached as Ex. B.

## THE UNDERLYING ACTION

11. Upon information and belief, Simpson was employed by Dort Steel Service, Inc. ("Dort") on August 22, 2013.

12. In the underlying action, Simpson alleges that he was injured on August 22, 2013, while working at Dort, when a glass cylinder that was equipped on a container exploded.

13. Simpson alleges that Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair defectively designed, manufactured, supplied and sold the subject container, and that the container was not reasonably fit for its foreseeable uses.

14. Simpson alleges that Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair failed to use reasonable care in the design and production of the container, that they breached implied and express warranties regarding the container and that they failed to warn of the hazards associated with the container's design, manufacture and supply.

15. Simpson alleges that Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair had actual knowledge that the container was defective and that there was a substantial likelihood that the defect would cause serious injury or death, and Simpson alleges that they willfully disregarded that knowledge.

16. Simpson alleges negligence and products liability claims against Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair.

## COUNT I

17. CIC incorporates by reference all prior allegations as though fully restated here.

18. Even if coverage initially was available under the policy's insuring agreements (*see* Count II below), certain exclusions would apply to eliminate that coverage.

19. **Injury to Employees Exclusion**[1] – the CIC policy excludes coverage for:

   Commercial General Liability Coverage Form
   "Bodily injury" to:
   (1) An "employee" of the insured sustained in the "workplace";
   (2) An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or
   (3) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraphs (1) or (2) above.
   This exclusion applies:
   (1) Whether the insured may be liable as an employer or in any other capacity; and
   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
   This exclusion does not apply to liability assumed by the insured under an "insured contract".

   Commercial Umbrella Liability Coverage Form
   Any liability arising from any injury to:
   a. An "employee" of the insured sustained in the "workplace";
   b. An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or
   c. The spouse, child, parent, brother or sister of that "employee" as a consequence of a. or b. above.
   This exclusion applies:
   a. Whether the insured may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.
   This exclusion does not apply when such insurance is provided by valid and collectible "underlying insurance" listed in the Schedule of Underlying Insurance, or would have been provided by such listed "underlying insurance" except for the exhaustion by payment of claims of its limits of insurance, and then only for such hazards for which coverage is provided by such "underlying insurance", unless otherwise excluded by this Coverage Part.

20. The policy defines "employee" and "workplace" as:

---

[1] Exclusion (e) in the CGL Coverage Form and (11) in the Umbrella Coverage Form

4

> "Employee" includes a leased worker. "Employee" does not include a "temporary worker".
>
> "Workplace" means that place and during such hours to which the "employee" sustaining "bodily injury" [injury – Umbrella Coverage Form] was assigned by you, or any other person or entity acting on your behalf, to work on the date of "occurrence".

21. In the underlying action, Simpson (a Dort employee) alleges that he suffered injuries on August 22, 2013, while working at Dort (one of the Named Insureds on the CIC policy).

22. Simpson was an "employee" of the insured, Dort, who allegedly sustained injuries in his "workplace," and those injures arose out of the performance of duties related to Dort's business. Accordingly, the CIC policy provides no coverage for, and CIC has no duty to defend or indemnify in connection with, the underlying action, pursuant to this exclusion.

23. **Workers' Compensation Exclusion**[2] – the CIC policy excludes coverage for:

> Commercial General Liability Coverage Form
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> Commercial Umbrella Liability Coverage Form
> Any liability or obligation of the insured under any workers' compensation, unemployment compensation, disability benefits or similar law. However, this exclusion does not apply to liability of others assumed by you under an "insured contract" in existence at the time of "occurrence".

24. In the underlying action, Simpson (a Dort employee) seeks recovery for injuries he allegedly sustained while working for Dort (one of the Named Insureds on the CIC policy) at Dort's facility. Accordingly, the CIC policy provides no coverage for, and CIC has not duty to

---

[2] Exclusion (d) in the CGL Coverage Form and (22) in the Umbrella Coverage Form.

defend or indemnify in connection with, the underlying action, to the extent that this exclusion applies.

    25.    **Expected or Intended Injury exclusion**[3] – the CIC policy excludes coverage for:

<u>Commercial General Liability Coverage Form</u>
"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

<u>Commercial Umbrella Liability Coverage Form</u>
"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected.

However, this exclusion does not apply to:
a. "Bodily injury" resulting from the use of reasonable force to protect persons or property; or
b. "Bodily injury" or "property damage" resulting from the use of reasonable force to prevent or eliminate danger in the operation of "autos" or watercraft.

    26.    In the underlying action, Simpson alleges that Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair had actual knowledge that the container was defective and that there was a substantial likelihood that the defect would cause serious injury or death, and Simpson alleges that they willfully disregarded that knowledge. Accordingly, the CIC policy provides no coverage for, and CIC has no duty to defend or indemnify in connection with, the underlying action, to the extent that this exclusion applies.

---

[3] Exclusion (a) in the CGL Coverage Form and (13) in the Umbrella Coverage Form.

## **COUNT II**

27. CIC incorporates by reference all prior allegations as though fully restated here.

28. The CIC policy's insuring agreements state in part:

Commercial General Liability Coverage Form
SECTION I – COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement.
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
   \* \* \*
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

Commercial Umbrella Liability Coverage Form
SECTION I – COVERAGE
A. Insuring Agreement
   1. We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:
      a. Which is in excess of the "underlying insurance"; or
      b. Which is either excluded or not insured by "underlying insurance".
   2. This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:
      a. The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

29. The underlying action does not allege "property damage" or "personal and advertising injury" and, accordingly, the CIC policy provides no coverage for, and CIC has no duty to defend or indemnify in connection with, the underlying action, under those provisions.

30. The policy defines "occurrence" as: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[4]

31. Simpson alleges that Richfield Corporation, TTG − Richfield Industries, TTG − Delta Wire and Corsair had actual knowledge that the container was defective and that there was a substantial likelihood that the defect would cause serious injury or death, and Simpson alleges that they willfully disregarded that knowledge.

32. Accordingly, the CIC policy provides no coverage for, and CIC has no duty to defend or indemnify in connection with, the underlying action, to the extent that Simpson did not suffer "bodily injury" caused by an "occurrence."

## COUNT III

33. CIC incorporates by reference all prior allegations as though fully restated here.

34. The CIC policy contains a Named Insured Schedule that applies to both the CGL and Umbrella portions of the CIC policy. The Schedule lists Richfield Corporation, TTG − Richfield Industries and Corsair as Named Insureds, but TTG − Delta Wire is not listed on the Schedule.

35. The CIC policy defines Who Is An Insured to include:

Commercial General Liability Coverage Form
1. If you are designated in the Declarations as:
               \* \* \*

---

[4] The Commercial Umbrella Liability Coverage Form uses the same "occurrence" definition but adds the following language at the end: "that results in "bodily injury" or "property damage".

8

    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Commercial Umbrella Liability Coverage Form
1. Except for liability arising out of the ownership, maintenance, occupancy or use of an "auto":
   a. If you are designated in the Declarations as:
         \* \* \*
   (4) An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders. Each of the following is also a Named Insured:
     (a) Any "subsidiary" company of such organization, including any "subsidiary" of such "subsidiary":
       1) Existing at the inception of this Coverage Part; or
       2) Formed or acquired on or after the inception of this Coverage Part.
     (b) Any other company controlled or actively managed by such organization or any "subsidiary" thereof:
       1) At the inception of this Coverage Part; or
       2) If the control and active management thereof is acquired on or after the inception of this Coverage Part.

36. The CIC policy defines "subsidiary" as "any organization in which more than 50% of the outstanding securities or voting rights representing the present right to vote for election of directors is owned or controlled, directly or indirectly, in any combination, by one or more of the Named Insureds."

37. Simpson named TTG – Delta Wire as a defendant in the underlying action; however, TTG – Delta Wire is not listed as a Named Insured on the CIC policy and TTG – Delta Wire has provided no information to CIC that TTG – Delta Wire otherwise qualifies as an

9

insured on the CIC policy. Accordingly, the CIC policy provides no coverage for, and CIC has no duty to defend or indemnify TTG – Delta Wire in connection with the underlying action.

## COUNT IV

38. CIC incorporates by reference all prior allegations as though fully restated here.

39. CIC is providing a defense to Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair in the underlying action, pursuant to a reservation of rights, which includes the rights to seek a determination that no coverage is available, to withdraw from providing a defense for and to obtain reimbursement from Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair for all defense costs CIC incurs in connection with the underlying action.

40. Since the CIC policy provides no coverage for the underlying action, CIC owes no defense to Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire or Corsair, and CIC is entitled to withdraw from providing Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair with a defense in the underlying action and to obtain reimbursement from Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair of all incurred defense costs.

## RELIEF REQUESTED

WHEREFORE, CIC requests that this Court declare the rights and obligations of these parties under the insurance contract and determine that the CIC policy provides no coverage for, and CIC owes no duty to defend or indemnify in connection with, the underlying action; enter judgment providing that CIC may withdraw from providing Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire and Corsair with a defense in the underlying action; enter judgment providing that Richfield Corporation, TTG – Richfield Industries, TTG – Delta Wire

and Corsair must reimburse CIC for all defense costs incurred in the underlying action; together with an award of attorney's fees, costs and such other and further relief as the Court deems just and proper.

          COLLINS EINHORN FARRELL PC

BY: /s/ *Patrick D. Crandell*
NOREEN L. SLANK (P31964)
PATRICK D. CRANDELL (P76249)
Attorneys for Plaintiff
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 351-5471
noreen.slank@ceflawyers.com
patrick.crandell@ceflawyers.com

CHRISTOPHER G. DANIELS (P73660)
Co-Counsel for Plaintiff
6200 S. Gilmore Road
Fairfield, Ohio 45014
(513) 870-2218

Dated: December 14, 2016        chris_daniels@staffdefense.com